## Adams *v.* Wiggin.

A writ will not be abated on the ground that the residence of the defendant alleged in the summons is not the same as that alleged in the writ, when the person and case may be rightly understood by the court.

Assumpsit. The defendant pleaded, in abatement, that the summons delivered to him by the officer did not contain the substance of the writ, in this, that the defendant was described in the writ as of Stratham, in said county,

and, in the summons, as of Portsmouth, in said county. To this plea the plaintiff demurred.

*Goodall,* for the plaintiff.

*Stickney,* and *Wiggin,* for the defendant.

DOE, J. The statute (Rev. Stat., ch. 183, sec. 4) provides that every summons shall briefly give to the defendant the same information which the declaration gives more at large, and shall contain the substance thereof, the provision contained in the laws of 1830 (page 92, sec. 11), that "otherwise the writ shall abate," being omitted. The language of the omitted clause was explicit; the writ must abate, however well the court might be persuaded that the case was rightly understood. *Lyman* v. *Dodge,* 13 N. H. 197. It may be inferred that, in omitting the peremptory clause, the legislature intended to leave defects in summonses upon the same ground with defects in other processes and proceedings in courts of justice. No writ, declaration, return, process, judgment or other proceeding shall be abated, quashed or reversed for any error or mistake, where the person or case may be rightly understood by the court, nor through defect or want of form or addition only, whether the defect be shown by a special demurrer, or in any other way. Rev. Stat., ch. 186, sec. 10; *Berry* v. *Osborn,* 28 N. H. 279, 286.

The residence of the defendant was mere matter of form; he was not misled or embarrassed, and the person and case may be rightly and easily understood by the court.

*Demurrer sustained.*